IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In Re:<br><br>**SENIOR CARE CENTERS, LLC**<br>Debtor. | § § § § § | **CASE NO. 18-33967-bjh11**<br>**CHAPTER 11** |
| **CEDAR PARK HEALTHCARE, LLC**<br>Plaintiff.<br><br>v.<br><br>**HARDEN HEALTHCARE, LLC**<br>Defendant. | § § § § § § § § § | Adv. Pro. No. 19-03190-bjh |

## SUPPLEMENT TO HARDEN LLC'S OPPOSITION TO CEDAR PARK HEALTHCARE'S MOTION TO REMAND AND ABSTAIN

Defendant Harden Healthcare, LLC ("Harden LLC"), by its undersigned counsel, files this Supplement to its previously filed Opposition to Plaintiff's Motion to Remand and Abstain (the "Opposition"). Dkt. 8. Harden LLC incorporates and restates its previously-filed opposition, and submits the foregoing to supplement the relevant background and legal position presented by Harden LLC. Plaintiff Cedar Park Healthcare, LLC ("Cedar Park") has stated that it is not opposed to Harden LLC's filing of the foregoing supplement. For the reasons stated in Harden LLC's Opposition and this supplement, the Court should deny the Motion to Remand and allow this matter to go forward in this court.

**A.    Additional Background Relevant to the Court's Consideration of the Remand Request**

Plaintiff Cedar Park commenced a civil action in the District Court of Williamson County, Texas, by filing its Original Petition on or about February 20, 2019, captioned *Cedar Park Healthcare, LLC v. Harden Healthcare, LLC*, Cause No. C19-0213-C368 (the "Petition"). Cedar

1

Park's claims relate to an alleged commercial lease agreement with debtor PM Management—Cedar Park NC, LLC ("Tenant"), dated April 10, 2012, and an alleged guaranty agreement related thereto, which Cedar Park maintains was executed by Harden LLC. *See* Ex. 1-A. Tenant was a subsidiary of debtor CTLTC Real Estate, LLC ("CTLTC"). In September 2013, Harden LLC was merged with and into an affiliate of Gentiva Health Services, Inc. ("Gentiva"). Ex. 1-B. Prior to the consummation of that merger, Harden LLC's long-term care business, which was comprised of debtor CTLTC and its subsidiaries, including the debtor Tenant, was spun off of and from Harden LLC, and retained by Harden LLC's prior owners, which included, *inter alia*, a group of 14 creditors known as the Capstar Capital Partners Creditors.[1] *Id.* As part of that transaction, the Capstar Capital Partners Creditors and debtor CTLTC agreed to indemnify Harden LLC for any losses arising from the operation of the long-term care business, which would include any losses sustained in connection with the alleged guaranties. Ex. 1-B, pgs. 82-86.

In 2015, debtor Senior Care Centers, LLC ("SCC") acquired CTLTC and those long-term care assets, including debtor Tenant. Magee Aff., Ex. 1-C, pg. 7 (final page). In connection with that sale, SCC and CTLTC agreed to indemnify the Capstar Capital Partners Creditors from losses arising from, *inter alia*, the leases such as the one allegedly executed with Cedar Park. Ex. 1-D. Accordingly, debtor SCC, debtor CTLTC and the debtor Tenant owe contractual indemnification obligations, or otherwise are on the hook for contribution claims, to Harden LLC and the Capstar Capital Partners Creditors with respect to claims made by Cedar Park in this litigation.

---

[1] The Capstar Capital Partners Creditors are comprised of creditors Benjamin Hanson, Brandon V. Hicks 2006 Trust, Capstar Capital Partners, LLC, Jason Mabry 2006 Trust, KKR Debt Investors II (2006) (Ireland) L.P., KKR Financial Holdings III, LLC, KKR-Milton Capital Partners, L.P., Kristen Hicks Hanson 2006 Trust, Lew Little, Jr., Oregon Public Employees Retirement Fund, Robert S. Hicks 2006 Trust, Robert S. Hicks, St. Niklaas Healthcare, LP, and Shelly Ellard 2006 Trust.

In June 2018, Cedar Park alleges a default occurred under the terms of the Lease as a result of Tenant's alleged failure to pay outstanding amounts owed thereunder. *See* Ex. 1-A, pgs. 18-19. Cedar Park then filed the Petition against Harden LLC in February 2019, seeking to collect amounts it alleges are owed under the alleged guaranty agreement related to the Lease, despite the fact that Harden never owned or operated the property at issue. *Id.* On December 4, 2018, SCC and 127 related entities, including CTLTC and Tenant, each filed a voluntary petition for protection under Chapter 11 of the United States Bankruptcy Code.[2] Harden LLC and the Capstar Capital Partners Creditors are creditors in the Bankruptcy Case and have asserted claims against SCC, Tenant and CTLTC for any losses they may suffer related to Tenant's alleged default under the Lease. *See, e.g.*, Ex. 1-D.

In the Bankruptcy Case, an order was entered pursuant to which Cedar Park was released from all claims that Debtors may have had against Cedar Park under the Lease and the Property was re-leased to a third party. *See* Ex. 1-E, *Order (I) Approving Settlement Agreement and (II) Granting Related Relief* (April 1, 2019) [Bankr. Dkt. 822] (the "Settlement Order"). Pursuant to the Settlement Order, the Bankruptcy Court approved a settlement agreement (the "Settlement Agreement"), between and among Cedar Park, Tenant, and SCC related to the Lease, including the mutual release of claims between those parties related to the Lease, as well as payment of certain post-petition rent allegedly due Cedar Park. *See id.* In the Settlement Order, the Bankruptcy Court found that its consideration of the Settlement Agreement related to the Lease was a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Settlement Order, through the terms of the incorporated Settlement Agreement, established the Bankruptcy Court as the exclusive venue for any actions or proceedings relating "in any way" to the Settlement Order. *Id.* at Pg. 9

---

[2] For purposes of this filing, SCC, CTLTC, and Tenant are collectively referred to as "Debtors."

(paragraph 17 of the Settlement Agreement). Both Cedar Park and the Debtors agreed that actions which related "in any way" to the disputes between those parties were going to be determined in the Bankruptcy Court.

The Settlement Order also established a procedure for the resolution of any claims related to the alleged guarantee from Harden LLC. Under the Settlement Order, Cedar Park agreed to pay back to the Debtors' estate an amount equal to the "actual distribution made to Harden … in advance, to the extent the Harden claim is allowed and to the extent the allowed Harden claim is on account of amounts actually paid by Harden" to Cedar Park. *See* Ex. 1-E, ¶ 5. In connection with those repayments, Cedar Park is to escrow a certain portion of any recovery against Harden LLC, which will be held until final distribution of the Debtors' estate, unless Harden LLC releases its claims for indemnification against the Debtors. The Settlement Order does not address the indemnification claims made by the Capstar Capital Partners Creditors, or potential contribution claims, against the Debtors for amounts owed as a result of the allegations made by Cedar Park.

**B.    This Dispute is a Core Proceeding That Greatly Impacts the Administration of the Debtors' Estate**

A "core" proceeding is one that "arises under" the Bankruptcy Code or "arises in" a bankruptcy case, and concerns matters such as the allowance or disallowance of claims, estimation of claims or interests for the purpose of confirming a plan under Chapter 11, creditor/debtor relationship, estate property, and the reorganization of the estate. 28 U.S.C. § 157(b). When the relevant bankruptcy is being administered under Chapter 11, as here, "[t]he jurisdiction of bankruptcy courts may extend more broadly" than in Chapter 7 matters. *Celotex Corp.* v. *Edwards,* 514 U.S. 300, 310 (1995). It does not matter that the debtors are not a party to an underlying dispute—what matters is the impact that the outcome of the dispute may have on the debtors' estate. *See In re Matter of Xonics, Inc.,* 813 F.2d 127, 131 (7th Cir. 1987) ("[I]t is the relation of

4

the dispute to estate, and not of party to estate, that establishes jurisdiction"). Actions which could impact the discharge of debts of the estate, for example, are considered "core" matters. *See In re Matter* of Wood, 825 F.2d 90, 97 (5th Cir. 1987).

The claims made by Cedar Park, and the resolution of those claims, undeniably impacts the administration of the Debtors' estate. Indeed, in order to fully and finally adjudicate Cedar Park's claim, matters will have to be determined with respect to both the Settlement Order—which is undeniably core to the Bankruptcy Case—as well as the proofs of claim put in by both Harden LLC and the Capstar Capital Partners Creditors, equally core proceedings. Cedar Park and the Debtors agreed that the Bankruptcy Court was the appropriate jurisdiction for actions relating "in any way" to the dispute between those parties. Ex. 1-E, ¶ 17. A guaranty claim which involves the same underlying lease agreement, the same parties, and the same allegedly due obligation clearly relates to that dispute. In addition to the reasons detailed in the Opposition, this action is a core proceeding in the Bankruptcy Case pursuant to 28 U.S.C. § 157(b)(2) because:

    i. The claims between and among Debtors, Cedar Park, Harden LLC and the Capstar Capital Partners Creditors potentially cannot be fully adjudicated unless and until the procedures outlined in the Settlement Order are completed, all of which must be brought in the Bankruptcy Court and are "core" proceedings. To the extent that Cedar Park recovers anything from Harden LLC, it will create liability for Cedar Park to the Debtors, as well as liability for the Debtors to the Capstar Capital Partners Creditors, which must be potentially be determined in a separate adversary proceedings. The cost to the Debtors of those proceeding, and the potential recoveries, directly impacts the administration of the Debtors' estate.

    ii.    The Settlement Order addresses only one set of potential claims—those by Harden LLC against Debtors for losses arising from the Cedar Park Lease. But a separate set of creditors—the Capstar Capital Partners Creditors—likewise have claims against the Debtors for any losses suffered by Harden LLC. Accordingly, the resolution of Cedar Park's claims against Harden LLC have a direct, and unsettled, impact on the administration of Debtors' estate and thus are core proceedings.

    iii.    For so long as the claims by Cedar Park are outstanding, the final administration of the Debtors' estate is effectively on hold, as the amount of the estate for distribution, and claims for and against Debtors, will remain open. Indeed, the longer that the litigation against Cedar Park continues, the larger the indemnity and contribution claims against the Debtors grow, meaning that a potential multi-million-dollar claim against Debtors not only remains outstanding—but grows ever larger by the day.

Put simply, the claims made by Cedar Park have a clear and direct impact on the Debtors' estate, its property, and the claims made to it, and should be determined in the Bankruptcy Court.

## REQUEST FOR RELIEF

WHEREFORE, Defendant Harden LLC requests that this Court deny the Motion to Remand and Abstain in its entirety.

Dated: November 19, 2019										Respectfully submitted,

/s/ Don. H. Magee
McGINNIS LOCHRIDGE LLP
Don H. Magee
State Bar No. 12811800
Ed McHorse
State Bar No. 00791229
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000
(512) 495-6093 FAX

**ATTORNEYS FOR DEFENDANT
HARDEN HEALTHCARE, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November 2019, a true and correct copy of the foregoing was served via the Court's ECF system to the parties registered to receive electronic service.

/s/ Don. H. Magee